Filed 11/8/24  P. v. Guzman CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GUSTAVO GUZMAN,<br><br>    Defendant and Appellant. | B333293<br><br>Los Angeles County<br>Super. Ct. No. BA400013-01 |

APPEAL from a judgment of the Superior Court of Los Angeles County, George G. Lomeli, Judge.  Affirmed in part and remanded with directions.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Zee Rodriguez and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

Gustavo Guzman was convicted of the first degree murders of Steven Robinson, Aric Lexing, and Scott Grant, as well as other criminal charges. Guzman was resentenced after his first appeal. He now contends the trial court erred at resentencing. We remand for the trial court to recalculate Guzman's custody credits and to correct the minute order and abstract of judgment. In all other respects, the judgment is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

As this appeal solely concerns procedural issues at sentencing, a full recitation of the underlying facts is unnecessary. Gustavo Guzman was convicted of three counts of first degree murder (Pen. Code, § 187, subd. (a)),[1] two counts of sale of methamphetamine (Health & Saf. Code, § 11379, subd. (a)), and two counts of possession of a firearm by a felon (former § 12021, subd. (a)), with associated enhancements and special circumstances found true. In Guzman's first appeal, we affirmed Guzman's convictions, but vacated the gang-related special circumstance and enhancement findings. (*People v. Guzman* (Sept. 12, 2022, B303524) [nonpub. opn.].)

On remand, the People elected not to retry the gang-related special circumstance and enhancement allegations. At resentencing, the court sentenced Guzman to life without parole (LWOP) for each murder, designated to run consecutively; and for two of the three murder convictions, an additional term of 25 years to life. For the remaining convictions, the court imposed a consecutive total determinate sentence of 10 years 8 months. The court ordered that all other terms and conditions of the

---

[1]     Undesignated statutory references are to the Penal Code.

original sentence remain in effect.  This included a parole revocation fine pursuant to section 1202.45.  The court did not recalculate Guzman's custody credits.  Guzman appeals.

## DISCUSSION

### I.  Custody Credits

Guzman argues, the People concur, (RB 7)~ and we agree the trial court erred when it failed to recalculate Guzman's custody credits at resentencing.  When an appellate remand results in the modification of a felony sentence during the term of imprisonment, the trial court must calculate the actual time the defendant has already served and credit that time against the new sentence.  (§ 2900.1 ["Where a defendant has served any portion of his sentence under a commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment, such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts"]; *People v. Buckhalter* (2001) 26 Cal.4th 20, 37 ["the trial court, having modified defendant's sentence on remand, was obliged, in its new abstract of judgment, to credit him with all *actual* days he had spent in custody, whether in jail or prison, up to that time"].)  On remand, the trial court shall recalculate Guzman's custody credits and amend the abstract of judgment to reflect those credits.

### II.  Parole Revocation Fine

Guzman contends the trial court erred when it imposed a parole revocation fine pursuant to section 1202.45 because he was sentenced to LWOP.  If Guzman had received only an indeterminate sentence, he would be correct in this assertion.

(See, e.g., *People v. Montes* (2021) 70 Cal.App.5th 35, 40 & fn. 5, 48.) However, when a defendant receives a determinate sentence in addition to an indeterminate sentence, the parole revocation fine must be imposed. (*People v. Baker* (2021) 10 Cal.5th 1044, 1108 [parole revocation fine properly imposed where the defendant received a determinate sentence in addition to death sentence]; *People v. Brasure* (2008) 42 Cal.4th 1037, 1075 [same].) The trial court properly imposed this fine because Guzman was sentenced to a determinate term in addition to LWOP.

## III.   **Clerical Error**

At resentencing, in addition to the LWOP sentence for each murder, the trial court also imposed consecutive sentences of 25 years to life on counts 2 and 3, the murders of Grant and Lexing, pursuant to section 12022.53, subdivision (d). It chose not to impose this enhancement on count 1, the murder of Robinson.~(RT 56-58)~ However, the minute order from the July 14, 2023 resentencing hearing repeatedly and incorrectly states that the court also imposed this 25-year-to-life sentence enhancement on count 1. The error is repeated on the abstract of judgment. The court's oral pronouncement of sentence controls over the minute order and abstract of judgment. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 (*Mitchell*) ["An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize"]; *People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2 ["The record of the oral pronouncement of the court controls over the clerk's minute order"].)

4

We may correct such clerical errors on our own motion. (*Mitchell*, *supra*, 26 Cal.4th at pp. 186–187.)  On remand, the trial court shall correct the abstract of judgment and minute order to reflect the sentence on count 1 as orally pronounced.

## DISPOSITION

The matter is remanded to the superior court with directions to (1) recalculate Guzman's actual custody credits pursuant to section 2900.1; (2) amend the minute order from the resentencing hearing on July 14, 2023 to conform it to the judgment as orally pronounced with respect to count 1; and (3) prepare an amended abstract of judgment and forward a certified copy of that abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

GRIMES, J.

WILEY, J.

5